IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**CHARLES MURPHY,**

      **Plaintiff,**

**v.**                                        **Case No. 3:20-cv-00409**

**WESTERN REGIONAL JAIL;**
**CORPORAL AKERS;**
**SGT. FERGESON;**
**CORPORAL HENDRICKS;**
**NURSE ASHLEY;**
**JOHN DOE, and JANE DOE,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff's Motion for an Extension and Motion for the Appointment of Counsel. (ECF No. 29). Plaintiff's Motion for an Extension is **GRANTED**. Plaintiff shall have through and including **October 21, 2020** in which to respond to the Motion to Dismiss filed on behalf of the Western Regional Jail and Correctional Facility.

Plaintiff's Motion for the Appointment of Counsel is **DENIED**, however. Plaintiff has no constitutional right to counsel in an action brought under 42 U.S.C. § 1983. 28 U.S.C. § 1915(e)(1); *see also Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir. 1975). Although the Court has some discretion in assigning counsel, the United States Court of Appeals for the Fourth Circuit has clearly stated that motions for the appointment of counsel in civil actions should be granted "only in exceptional cases." *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir. 1975). When determining whether a particular case rises to that level, the Court

must consider the complexity of the claims in dispute and the ability of the indigent party to present them, as well as other factors like the merits of the case. *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984); *see also Valcarcel v. ABM Indus./Diversico Indus.*, 383 F. Supp. 3d 562, 565 (M.D.N.C. 2019) ("In considering a request for appointment of counsel in its discretion, the court may consider a plaintiff's financial ability to retain counsel, the efforts of the plaintiff to retain counsel, the merits of the case, and whether the plaintiff is capable of representing himself.") (citations omitted).

Here, Plaintiff argues that his case justifies the appointment of counsel, because he has been unable to find a lawyer to take his case and because he is incarcerated with limited access to legal materials. Unfortunately, these circumstances are not exceptional given that many indigent civil litigants are unrepresented and incarcerated. Therefore, without a particular showing of need, the inability to retain a lawyer is not a basis for the appointment of counsel.  *Altevogt v. Kirwan*, No. CIV. WDQ-11-1061, 2012 WL 135283, at *3 (D. Md. Jan. 13, 2012) ("Altevogt's inability to retain counsel is not an exceptional circumstance.").

Furthermore, while Plaintiff's incarceration undoubtedly makes it more difficult for him to pursue his lawsuit, as does his lack of immediate access to legal materials, these deficiencies do not, in and of themselves, satisfy the "exceptional" standard necessary to justify the appointment of counsel. *Louis v. Martinez,* Case No. 5:08-cv-151, 2010 WL 1484302, at *1 (N.D.W. Va. Apr. 12, 2010). The undersigned has examined the complaint and the motion for appointment of counsel, and both documents are well-written and clear. The facts underlying Plaintiff's claim are not complex, and he appears capable of presenting his claim at this stage of the litigation. Should circumstances change in the

future, the matter of the appointment of counsel can be reassessed.  Therefore, his motion must be denied at this time.

It is so **ORDERED**.

The Clerk is instructed to provide a copy of this Order to Plaintiff, counsel of record, and any unrepresented party.

**ENTERED:** September 10, 2020

Cheryl A. Eifert
United States Magistrate Judge