## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## HUNTINGTON DIVISION

CHARLES EDWARD MURPHY,

      Plaintiff,

v.                                Case No. 3:20-cv-00409

CORPORAL AKERS, et al.,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  Pending before the court is Plaintiff's Letter-Form Motion for Entry of Default Judgment Against Ashley Vallandingham (ECF No. 62).

## PROCEDURAL HISTORY

On October 28, 2020, Plaintiff was granted leave to file an Amended Complaint (ECF No. 42), which specifically identified several additional defendants, including Ashley Vallandingham ("Vallandingham"), a nurse at the Western Regional Jail.  Against Vallandingham, Plaintiff alleges a claim of deliberate indifference to Plaintiff's serious medical needs grounded in her medical "clearance" of him prior to being "decontaminated" after being pepper sprayed and placed in a restraint chair.  According to the docket sheet, on December 3, 2020, Vallandingham was served with process by the United States Marshals Service.  Accordingly, her responsive pleading was due on December 24, 2020.  However, Vallandingham failed to timely file a responsive pleading.

Thus, on January 4, 2021, Plaintiff filed the instant Letter-Form Motion for Entry of Default Judgment Against Ashley Vallandingham (ECF No. 62).  That same day, Vallandingham, by counsel, filed a response to the default motion (ECF No. 65) and a Motion to Dismiss (ECF No. 63) and Memorandum of Law in support thereof (ECF No. 64).  In the response to the default motion, Vallandingham's counsel acknowledges that she mis-calendared the deadline for Vallandingham's responsive pleading.  (ECF No. 65 at 1).  Thus, she contends that the failure to timely file a responsive pleading was not intentional and, with the concurrent filing of Vallandingham's motion to dismiss on January 4, 2021, Plaintiff suffered no prejudice from the brief delay.  (*Id.* at 2).  Plaintiff did not file a reply brief.  The matter is ripe for resolution.

## <u>ANALYSIS</u>

Rule 55(a) requires that default be entered by the Clerk when "a party against whom a judgment for affirmative relief is sought" has "failed to plead or otherwise defend and that failure is shown by affidavit or otherwise . . . ."  Fed. R. Civ. P. 55(a). Furthermore, "Rule [55(b)] of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules."  *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); *see also* Fed. R. Civ. P. 55(b).  However, prior to entry of a default judgment, a court may, in its discretion, and "for good cause shown," set aside the entry of default.  *See Payne v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006) (citing *Consolidated Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)).

Default has not yet been entered against Vallandingham, and she cured her default by filing her motion to dismiss prior to such entry.  Moreover, default judgments are not

favored, and "[g]enerally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Rasmussen v. American Nat'l Red Cross*, 155 F.R.D. 549, 551 (S.D.W. Va. 1994) (quoting *Moradi*, 673 F.2d at 727).

The United States Court of Appeals for the Fourth Circuit has established a six-factor analysis to determine whether good cause exists to set aside an entry of default. Those six factors consist of the following:

> (1) whether the defaulting party has a meritorious defense; (2) whether the defaulting party acts with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) the prejudice to the non-defaulting party; (5) whether there is a history of dilatory action; and (6) the availability of sanctions less drastic.

*See Moradi*, 673 F.2d at 728. The Court has suggested that the reasonable promptness and meritorious defense factors hold the most weight and, generally, the entry of default should be set aside when those factors, alone, are met. *Consolidated Masonry & Fireproofing, Inc.*, 383 F.2d at 251. "Even if a defense is tenuous, [] the meritorious defense factor should weigh in favor of granting a motion to set aside entry of default." *Hanson & Morgan Livestock, Inc. v. B4 Cattle Co.*, No. 5:07-cv-00330, 2007 WL 4305606, * (S.D.W. Va. Dec. 7, 2007) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)). Thus, "any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson*, 411 F.2d at 130.

Vallandingham has filed a motion to dismiss suggesting that she has a meritorious defense to Plaintiff's claims.[1] Given the fact that this case is still in its early stages, the

---

[1] This motion to dismiss is also ripe for resolution, but will be addressed in a separate Proposed Findings and Recommendation.

parties have suffered no prejudice to their positions at this point in the proceedings. Therefore, upon consideration of the *Moradi* factors discussed above, the undersigned proposes that the presiding District Judge **FIND** that a default judgment is not warranted herein.  Presently, Plaintiff has simply not demonstrated that he is entitled to a default or summary judgment on his claims against Vallandingham.  This matter is best left for resolution on the merits.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's Letter-Form Motion for Entry of Default Judgment Against Ashley Vallandingham (ECF No. 62).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S.

140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing parties and to Judge Chambers.

      The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

May 21, 2021

                                    Dwane L. Tinsley
                                    United States Magistrate Judge