IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

CHARLES EDWARD MURPHY,

    Plaintiff,

v.                                         Case No. 3:20-cv-00409

CORPORAL AKERS, *et al.*,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is Defendant Ashley Vallandingham's Motion to Dismiss Amended Complaint (ECF No. 63).

## PROCEDURAL HISTORY

On October 28, 2020, Plaintiff was granted leave to file an Amended Complaint (ECF No. 42), which specifically identified defendant Ashley Vallandingham ("Vallandingham"), a nurse at the Western Regional Jail ("WRJ"), who was listed in the initial complaint as "Nurse Ashley." Against Vallandingham, Plaintiff alleges a claim of deliberate indifference to his serious medical needs grounded in her medical "clearance" of him prior to being "decontaminated" after being pepper sprayed and placed in a restraint chair. Plaintiff claims that he told Vallandingham that his eyes were burning and that he had pepper spray in his mouth and could not breathe. (ECF No. 2 at 10, ¶ 16 and 12, ¶ 24).

**STANDARD OF REVIEW**

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, to withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific

task that requires [this Court] to draw on its judicial experience and common sense." *Id*. "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted). This Court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016).

## ANALYSIS

Vallandingham's motion asserts that Plaintiff failed to exhaust his administrative remedies before filing this civil action and further contends that the Amended Complaint fails to state a plausible Eighth Amendment claim against her. The undersigned will address each defense in turn.

### A.   **Failure to exhaust administrative remedies.**

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), was enacted "to address concerns about the 'ever-growing number of prison-condition lawsuits that were threatening to overwhelm the capacity of the federal judiciary.'" *Green v. Young*, 454 F.3d 405, 406 (4th Cir. 2006) (quoting *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 676 (4th Cir. 2005)). "The PLRA imposes some rather substantial limitations on a prisoner's ability to initiate a civil action." *Id.* One such limitation is the requirement that prisoners exhaust administrative remedies within the prison before filing a civil action." *Id.*

3

The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any . . . correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In *Booth v. Churner*, 532 U.S. 731 (2001), the Supreme Court of the United States held that exhaustion of administrative remedies is mandatory, regardless of the type of relief sought or offered through the administrative procedures. *Id.* at 741. In *Booth*, the Court required exhaustion even where the grievance process does not permit the award of money damages, and the prisoner seeks only money damages, as long as the grievance tribunal has authority to take some responsive action. *Id.*

"Not only must a prisoner exhaust his administrative remedies, but he must also do so properly." *Wells v. Parkersburg Work Release Ctr. et al.*, No. 2:15-cv-04103, 2016 WL 696680, at *3 (S.D. W. Va. Jan. 19, 2016). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* (citing *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)).

Like the PLRA, the West Virginia Prison Litigation Reform Act ("WVPLRA") "require[s] inmates to exhaust their administrative remedies before they bring a lawsuit." *Legg v. Adkins*, No. 2:16-cv-01371, 2017 WL 722604, at *2 (S.D. W. Va. 2017) (citing 42 U.S.C. § 1997e(a); W. Va. Code § 25-1A-2a(i)). Under the WVPLRA, "[a]n inmate may not

4

bring a civil action regarding an ordinary administrative remedy until the procedures promulgated by the agency have been exhausted." W. Va. Code § 25-1A-2(c). The WVPLRA defines an ordinary administrative remedy as "a formal administrative process by which an inmate submits a grievance seeking redress or presenting concerns regarding any general or particular aspect of prison life . . . . An ordinary administrative remedy includes, but is not limited to, . . . staff treatment or some other alleged wrong." *Id.* § 25-1A-2(a). Under the WVPLRA,

> An ordinary administrative remedy is considered exhausted when the inmate's grievance complies with duly promulgated rules and regulations regarding inmate grievance procedures, has been accepted, fully appealed and has received a final decision from the Commissioner of Corrections or the Commissioner's designee, or the Executive Director of the Regional Jail Authority, or the Director's designee.

W. Va. Code § 25-1A-2(d).

While "failure to exhaust available administrative remedies is an affirmative defense," it is a threshold issue that must be resolved before reaching the merits of the underlying claims for relief. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). If a plaintiff fails to exhaust his or her administrative remedies under the PLRA or WVPLRA, then the defendant is entitled to judgment as a matter of law. *See Legg*, No. 2:16-cv-01371, 2017 WL 72604, at *2. Whether an administrative remedy has been exhausted for purposes of the PLRA "is a question of law to be determined by the judge." *Creel v. Hudson*, No. 2:14-cv-10648, 2017 WL 4004579, at *3 (S.D. W. Va. 2017) (citing *Drippe v. Tobelinski*, 604 F.3d 778, 782 (3d Cir. 2010)).

In *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016), the Supreme Court held that "the exhaustion requirement hinges on the 'availability' of the administrative remedies. An

5

inmate . . . need not exhaust unavailable remedies." *Id.* The Court further defined "available" as "'capable of use' to obtain 'some relief for the action complained of.'" (*Id.* at 1859, citing *Booth v. Churner*, 532 U.S. 731, 738 (2001)).

Plaintiff does not dispute that he did not exhaust the WRJ's administrative remedy process concerning the claims raised in his Amended Complaint. However, contrary to Vallandingham's assertion that he was released from segregation after five days and could have undertaken the exhaustion process at that time, Plaintiff contends that he remained in segregation until January 20, 2020, without access to the kiosk system needed to file a grievance, and was then transferred to the Mount Olive Correctional Complex, which has a separate administrative remedy process. Consequently, Plaintiff asserts that the administrative remedy process was not available to him during the operative time period in which he should have filed a grievance. (ECF No. 69 at 2-3). Vallandingham failed to file a reply brief to rebut this assertion with any evidence or explanation concerning inmate access to the grievance process while in segregation.

Based upon the record presently before the court, the undersigned cannot say, as a matter of law, that the grievance process was available to Plaintiff and that he failed to exhaust available administrative remedies. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Vallandingham has not demonstrated that Plaintiff's Amended Complaint should be dismissed on this basis.

**B.    Failure to state a claim upon which relief can be granted.**

Vallandingham further asserts that Plaintiff's Amended Complaint fails to state a plausible claim for relief against her under the Eighth Amendment. In *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment

to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" This is a low standard. The Supreme Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" *Id.* at 833.

Moreover, to sustain an Eighth Amendment claim, a prisoner must show two things: (1) "the deprivation must be, objectively, 'sufficiently serious;'" that is, "denial of 'the minimal civilized measure of life's necessities;'" and (2) the prison official had a "'sufficiently culpable state of mind;'" that is, "'deliberate indifference' to inmate health or safety." *Id.* at 834. (Citations omitted.) The Supreme Court rejected an argument that an objective test of deliberate indifference be established.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990); *see also Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986) (collecting cases). "Serious medical needs" are those which have been diagnosed by a physician as mandating treatment or that are so obvious that even a

lay person would easily recognize the necessity for a doctor's attention. *Gaudreault v. Munic. of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990).

> Deliberate indifference may be demonstrated by either actual intent or reckless disregard. *See Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. *See id*. Nevertheless, mere negligence or malpractice does not violate the Eighth Amendment. *See* [*Estelle v. Gamble*, 429 U.S. 97, 106 (1976)].

*Miltier*, 896 F.2d at 851-852.

The burden of demonstrating deliberate indifference to a serious medical need is very high. It is well-settled that:

> A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. *See Farmer*, 511 U.S. at 832-35; *Sosebee v. Murphy*, 797 F.2d 182-83 (4th Cir. 1986); *Loe v. Armistead*, 582 F.2d 1291, 1296-97 (4th Cir. 1978).

*Rush v. VanDevander*, 2008 WL 495651 (W.D. Va., Feb. 21, 2008); *Banks v. Green Rock Correctional Center Medical Dept.*, 2007 WL 2903673 (W.D. Va., Oct. 3, 2007). However, negligence is not sufficient to demonstrate deliberate indifference to a serious medical need. *See Webster v. Jones*, 554 F.2d 1285 (4th Cir. 1977).

Likewise, disagreements between a health care provider and the inmate over a diagnosis and the proper course of treatment are not sufficient to support a deliberate indifference claim, and questions of medical judgment are generally not subject to judicial review. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975). As noted by the Fourth Circuit, an inmate is not entitled to unqualified access to health care and treatment may be limited to what is medically

necessary and not "that which may be considered merely desirable" to the inmate. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977).

Vallandingham contends that Plaintiff's sole allegation against her is that she medically cleared him after he was sprayed with OC spray and before he was given a decontamination shower. She further asserts that Plaintiff's "burning eyes and momentary difficulty breathing" were "temporary effects of the OC spray" and, thus, "do not constitute a serious injury." (ECF No. 64 at 7-8). She further contends that Plaintiff's challenge to her "clearing" him prior to him being taken for a decontamination shower amounts to nothing more than a disagreement with her medical assessment and judgment and does not rise to the level of deliberate indifference. (*Id*. at 8).

Plaintiff's initial complaint alleges that the altercation during which he was sprayed with OC spray occurred around noon and that he was then placed in a restraint chair and was not decontaminated until 7:30 p.m. (ECF No. 2 at 4). His response brief again emphasizes that, after being pepper sprayed, he was placed in a restraint chair with a spit hood over his head for six or seven hours prior to being decontaminated. He further states that he was "crying to [Vallandingham] stating I was burning and I couldn't breathe several times [, thus] she ignored a serious and obvious danger along with the other named defendants." (ECF No. 69 at 1-2). Liberally construed, these facts suggest that Vallandingham was deliberately indifferent to "a condition for which lack of treatment perpetuates severe pain." While he does not specifically allege when within this time frame Vallandingham allegedly "cleared" him, the undersigned proposes that the presiding District Judge **FIND** that these facts, taken as true, as required at the motion

9

to dismiss stage, are sufficient to state a plausible claim of deliberate indifference to a serious medical need and further development of this claim is warranted.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant Vallandingham's Motion to Dismiss (ECF No. 63) and leave this matter referred to the undersigned for additional proceedings.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and to Judge Chambers.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff, and to transmit a copy to counsel of record.

June 9, 2021

Dwane L. Tinsley
United States Magistrate Judge